**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-30815
_____


ROBERT SALTZ,

Plaintiff-Appellant,

VERSUS

HAROLD O. WHITNEY, individually and as shareholders, on behalf of
Harold O. Whitney, Inc. on behalf of Harold O. Whitney Ltd.; JEAN
WHITNEY, individually and as shareholder on behalf of Harold O.
Whitney, Inc. on behalf of Harold O. Whitney Ltd.; HAROLD O.
WHITNEY, INC.; HAROLD O. WHITNEY, LTD.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-653)
_____

April 12, 1999

Before EMILIO M. GARZA, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Robert Saltz appeals the summary judgment entered for defendants in a fraud action brought pursuant to federal diversity jurisdiction. Having reviewed the district court's grant of summary judgment _de novo_, _see Gutierrez v. City of San Antonio_, 139 F.3d 441, 444 (5th Cir. 1998), we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Saltz contends that the district court erred in converting defendants' motion, denominated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to a motion for summary judgment without providing Saltz with notice and opportunity to submit additional summary judgment evidence. Because Saltz himself submitted extensive materials outside the pleadings in his opposition to defendants' motion to dismiss, he was on notice that the district court could treat the motion as one for summary judgment. Therefore the notice provisions of FED. R. CIV. P. 12(b) & 56 were not violated. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

Saltz next argues that denials of defendants' previous motions to dismiss are "law of the case" and preclude the grant of summary judgment. The summary judgment at issue in this appeal addresses only the issue expressly not resolved by earlier rulings. *See* Memorandum Ruling, August 14, 1997, p.7. This ground of error is wholly without merit.

Finally, Saltz contends that the district court erred in holding that the judgment previously entered by a Belize court in a related proceeding is *res judicata* in the present case. Saltz relies on the exception to *res judicata*, recognized by Louisiana, for judgments obtained by extrinsic fraud on the rendering court. *See State v. Fontenot*, 587 So.2d 771, 775 (La.App.2d Cir. 1991). Saltz alleges that the defendants knew that the contract at issue was voidable under Belize law, and that defendants "hoodwinked" Saltz into entering the contract knowing they could get out of it

2

if the business did not perform as anticipated.  Saltz's allegations of fraud do not amount to extrinsic fraud.  *See Anderson v. Collins,* 648 So.2d 1371, 1381 (La.App. 2d Cir. 1995)("Extrinsic fraud is such fraud as would prevent . . . an adversary trial on the issue, while intrinsic fraud is such fraud as would simply amount to an affirmative defense of the original cause of action.")  Therefore, the district court's determination that the Belize judgment was *res judicata* in the instant case was correct.

Based on the foregoing, we affirm the summary judgment entered by the district court.

AFFIRMED.